IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL L. JONES, #259166,<br><br>  Plaintiff,<br><br>vs.<br><br>CHUCK E. CHEESE, RIVERS AVE STORE IN<br>N. CHARLESTON, SC; AND<br>DISTRICT MANAGER, TOM MALLADINE,<br><br>  Defendants. | ) Civil Action No. 2:09-2584-TLW-JRM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>) |

The pro se Plaintiff, Michael L. Jones ("Jones") filed this action on October 1, 2009.[1] On January 6, 2010, he filed a motion for summary judgment. Defendants filed a response on January 21, 2010.

STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the court.

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The non-moving party is entitled to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute. See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

DISCUSSION

On April 14, 2009, Jones dined with his wife and children at a Chuck E. Cheese restaurant located on Rivers Avenue in North Charleston, South Carolina. He alleges that one of the attendants stopped his son and told him to stop running because "[his] family can't afford no [sic] doctor bills." Complaint at 3. Jones approached the attendant who denied stopping his son. Jones claims that it took almost seventy-five minutes for his family's food to arrive. He alleges that a white couple sitting across from his table received their food earlier, even though Jones and his family had arrived at least thirty minutes before the white couple. Jones also claims that the white couple's children ran around the restaurant, but were not stopped by an attendant. Additionally, Jones claims that the

2

same attendant who stopped his son tossed their food on the table and snatched the table marker. He claims that the food was delivered in a way that "a dog would have walked away." Complaint at 4.

Jones went to the cashier and demanded to speak to a manager so that he could get his money back. He claims that he stood there for approximately thirty minutes waiting, but the manager never came out to see him. Jones also states that he telephoned the restaurant time and time again on the days following the alleged incident, but was placed on hold for as long as thirty minutes before being disconnected. He states that he and his family are Muslim and wore their "traditional garbs," which he thought "may be the reason for such treatment." Complaint at 4. Jones requests the return of the money paid for his uneaten food, $25 for his unused game tokens, $100,000, and that the case "be made known through print and electronic media." Complaint at 5.

Jones argues that his motion for summary judgment should be granted because Defendants openly discriminated against him for reasons of race and religion.[2] It is recommended that Jones' motion for summary judgment be denied. Jones has based his motion only on his complaint and his unsworn allegations in his motion for summary judgment. Defendants dispute and deny any discriminatory conduct. Review of the complaint itself indicates that there is a genuine issue of material fact in dispute (as noted above, Jones states that the attendant denied stopping his son). See Fed. R. Civ. P. 56(c). Further, Defendants provide that discovery has not been completed in this

---

[2]In his motion, Jones states that he feels that "a class action would best address such treatment so others can also voice their complaints as well." Motion for Summary Judgment at 2. While a class action may be appropriate in § 1983 litigation, see Kirby v. Blackledge, 530 F .2d 583, 588 (4th Cir.1976), a class cannot be certified if a pro se litigant purports to act as a representative of the class, Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975). See Fed.R.Civ.P. 23(a)(4) (requiring the representative party to fairly and adequately protect the interests of the class).

action and Jones has presented nothing to dispute this. The discovery period began on December 29, 2009, approximately eight days before Jones filed his action. Discovery is not scheduled to end until April 26, 2010. See Doc. 11 (Scheduling Order). Generally, summary judgment is appropriate only after adequate time for discovery. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996).

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for summary judgment (Doc. 14) be denied.

Joseph R. McCrorey
United States Magistrate Judge

April 13, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).